# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS WAYNE HARP, III,<br><br>    Plaintiff,<br><br>    v.<br><br>THE MODESTO GOSPEL MISSION and HEAD OF SECURITY FOR THE MGM,<br><br>    Defendants. | CASE NO. 1:23-cv-00718-ADA-SKO<br><br>**FIRST SCREENING ORDER**<br><br>**(Doc. 1)**<br><br>**30-DAY DEADLINE** |

## I.   INTRODUCTION

Plaintiff Lewis Wayne Harp, III is a state prisoner.  On May 10, 2023, Plaintiff, proceeding pro se, filed a civil complaint against Defendants "The Modesto Gospel Mission" and its "Head of Security." (Doc. 1 ("Compl.").)  Plaintiff purports to allege a cause of action under 42 U.S.C. § 1983 ("Section 1983") because he was "illegally detained by the head of security" at the Modesto Gospel Mission, which "lead [sic] to [his] incarceration." (Compl. at 3.)  For relief, Plaintiff "want[s] the Modesto Gospel Mission to know this is a serious matter" and "to produce the name of the security guard and documentation of the incident." (*Id.* at 6.)  Plaintiff also filed an application to proceed *in forma pauperis*, which was granted on May 12, 2023.  (Docs. 2 & 9.)

Plaintiff's complaint is now before the Court for screening.  The Court finds Plaintiff has not stated a cognizable claim, but may be able to correct the deficiencies in his pleading.  Thus,

Plaintiff is provided the pleading and legal standards for his claims and is granted leave to file a first amended complaint.

### A. Screening Requirement and Standard

The Court is required to screen complaints in cases where the plaintiff is proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 28 U.S.C. § 1915(e)(2)(B). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

The Court's screening of the complaint is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what Plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### B. Pleading Requirements

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since Plaintiff is appearing *pro se*, the Court must construe the allegations of his complaint liberally and must afford Plaintiff the benefit of any doubt. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "the

1 liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*,
2 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply
3 essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*,
4 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir.
5 1982)).

6 Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'
7 requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of
8 action will not do . . . . Factual allegations must be enough to raise a right to relief above the
9 speculative level." *See Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Iqbal*, 556
10 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient
11 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has
12 facial plausibility when the plaintiff pleads factual content that allows the court to draw the
13 reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations
14 omitted).

### II. DISCUSSION

#### A. Plaintiff's Allegations

Plaintiff alleges that the security guard at the Modesto Gospel Mission "pulled [him] from a vehicle," "wrestled [him] to the ground," and "held [him] there until the police arrived and took [him] into custody." (Compl. at 3.) Plaintiff contends that the security guard "was a threat to [his] safety because he does not have the same training police officers have for their line of duty." (*Id.*)

#### B. Plaintiff Fails to State a Claim Under Section 1983 Against Defendants

Plaintiff's complaint fails plausibly to allege that Defendants acted under color of state law—an essential element to the maintenance of a Section 1983 claim.

##### 1. Pertinent Law

To state a claim under Section 1983, a plaintiff must allege a deprivation of a constitutional right under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). An individual defendant is not liable for a civil rights violation unless the facts establish that the

3

defendant's personal involvement in some constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989); *Johnson v. Duffy*, 588 F.2d 740, 743–44 (9th Cir. 1978); *see also Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (person deprives another of constitutional right if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes deprivation of which plaintiff complains) (citation omitted). Supervisory personnel generally are not liable for civil rights violations on any theory of respondeat superior or vicarious liability in the absence of law imposing such liability. *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991); *Hansen*, 885 F.2d at 645–46. A supervisor is liable for constitutional violations of a subordinate only "if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Private individuals and entities not affiliated with a state or municipal government generally do not act "under color of state law." *See Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011) ("We start with the presumption that conduct by private actors is not state action."); *Price v. State of Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law."). While such private parties may a cause a deprivation of a constitutional right, they are not subject to Section 1983 liability unless (1) they acted under color of law, and (2) their conduct was properly attributable to the government. *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 156 (1978); *Associates & Aldrich Co. v. Times Mirror Co.*, 440 F.2d 133, 134–36 (9th Cir. 1971) (violations of certain constitutional rights actionable under federal law only when accomplished by one who is clothed with authority of state and purporting to act thereunder) (citations and internal quotations omitted); *see also Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936–37 (1982) (private corporation does not act under color of law unless its actions are fairly attributable to the government).

The actions of a private individual or entity may properly be attributed to the government for purposes of Section 1983 if at the time of an alleged constitutional violation (1) the private actor was performing a public function; (2) the private actor was engaged in joint activity with the

4

government; (3) the private party acted under governmental compulsion or coercion; or (4) there was a sufficient nexus between the government and the private actor. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (recognizing "at least four . . . tests" for determining whether private conduct amounts to state action) (citations and quotation marks omitted). Plaintiff has the burden to establish state action under one of the foregoing tests. *Florer*, 639 F.3d at 922; *see also Kirtley*, 326 F.3d at 1092 ("Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists.").

Even when a private entity, such as the Modesto Gospel Mission, acts "under color of state law," it cannot be held liable under Section 1983 unless the entity itself caused the plaintiff's injuries—*i.e.*, the alleged wrongdoing was committed pursuant to "a policy, decision, or custom promulgated or endorsed by the private entity." *White v. Golden State Eye Ctr.*, No. CV 1–04–06645–JMR, 2009 WL 817937, *3 (E.D. Cal. Mar. 26, 2009); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) ("a corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies"—*i.e.*, "a policy, custom or action by those who represent [the private entity's] official policy that inflicts injury actionable under § 1983") (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690, 694 (1978)). Nor can Section 1983 liability against a private entity be based solely on respondeat superior, *i.e.*, vicarious liability for the acts or omissions of the entity's employees. *White*, 2009 WL 817937 at *3; *Warwick v. Univ. of the Pacific*, No. C 08-03904 CW, 2010 WL 2680817, *8 n.11 (N.D. Cal. July 6, 2010) (citing cases)). A private employer is liable only "when the employer is the driving force behind the constitutional violations alleged against its employees, who are operating as state actors." *Stanley v. Goodwin*, 475 F. Supp. 2d 1026, 1038 (D. Haw. 2006).

### 2.  Defendant Head of Security at The Modesto Gospel Mission

Plaintiff does not plausibly allege that the conduct of the "Head of Security"—a private security guard for the Modesto Gospel Mission—amounted to state action under any of the foregoing tests.

First, under the "public function test," private individuals or entities are deemed to be state actors for purposes of Section 1983 when they perform a public function that is "both traditionally

5

and exclusively governmental." *Kirtley*, 326 F.3d at 1093 (citations and internal quotation marks omitted). Even if the security guard suspected Plaintiff of committing a crime, the complaint does not plausibly allege that they acted pursuant to an exclusive governmental function (*e.g.*, "the police power") at any time during their encounter with Plaintiff. *See, e.g., Raquinio v. Kohanaiki Cmty. Ass'n*, CIV. NO. 21-00255 LEK-WRP, 2021 WL 3575822, at *2–3 (D. Haw. Aug. 12, 2021) (acts of private security guards, hired by a store, do not constitute state actions under Section 1983); *Banuelos v. Morrison*, No. 2:21-cv-1677-JVS (SK), 2021 WL 1814970, at *1 (C.D. Cal. May 6, 2021) (altercation with private store security guard that led to plaintiff's later arrest and detention by local police did not mean that security guard (and his private employers) were subject to suit under Section 1983 for how the police later addressed the plaintiff; "What Plaintiff cannot do . . . is hail those private parties into federal court under § 1983 based on an alleged attack by a private security guard in front of a private grocery store.") (citations omitted); *Hughes v. AT&T*, No. 3:19-cv-00179-SLG-DMS, 2019 WL 7285576, at *3 n.33 (D. Alaska Dec. 5, 2019) (collecting cases holding that private security guard is not a state actor under Section 1983).

Second, a private individual may be liable under Section 1983 if she commits constitutional violations as part of a conspiracy or joint action with a state actor. *See DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000) ("Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions.") (citation omitted); *Kirtley*, 326 F.3d at 1093 (private individual acts "under color of state law" where "the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity"); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (private individual found liable under § 1983 based on conspiracy with state actor— *i.e.*, entry into "an agreement or meeting of the minds" with the police to violate plaintiff's constitutional rights) (citation and internal quotation marks omitted). Joint action requires "a substantial degree of cooperative action." *Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir. 1989).

Here, the complaint contains no allegations which plausibly suggest that the security guard cooperated in any way with a state actor, much less engaged in a conspiracy with any state actor to

6

violate Plaintiff's constitutional rights. *Cf., e.g., Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 899–900 (9th Cir.2008) (granting summary judgment in favor of defendant private employees of event organizer who requested that the plaintiff and other petition gatherers be removed from public sidewalk where the plaintiff presented no evidence that defendants "did anything more than summon police"); *Collins*, 878 F.2d at 1154–56 (court determined under joint action test that defendants private women's health center and its employees who made citizen's arrests of antiabortion protesters did not act "under color of state law" where (1) impetus for the citizen's arrests came from the defendants, not the police; (2) "the police officer refused, after conducting an independent investigation, to arrest the protesters on his own authority"; and (3) "the police maintained a policy of neutrality in the dispute" between the defendants and the plaintiffs).

Finally, the complaint also fails plausibly to allege that the security guard's private conduct was effectively converted into government action due to governmental compulsion/coercion or a nexus between them and any governmental entity. *See, e.g., Kirtley*, 326 F.3d at 1094 ("The compulsion test considers whether the coercive influence or 'significant encouragement' of the state effectively converts a private action into a government action.") (citation omitted); *Gorenc v. Salt River Project Agric. Improvement & Power Dist.*, 869 F.2d 503, 506 (9th Cir. 1989) ("The nexus test inquiry asks, 'whether there is a sufficiently close nexus between the State and the challenged action of the [private] entity so the action of the latter may be fairly treated as that of the state itself.'") (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)).

### 3. Defendant The Modesto Gospel Mission

Plaintiff's complaint also fails plausibly to allege that the Modesto Gospel Mission is liable under Section 1983 for any deprivation of Plaintiff's constitutional rights under color of state law. Plaintiff does not allege facts which plausibly suggest that Modesto Gospel Mission maintained a policy, decision, or custom that violated Plaintiff's constitutional rights, much less one that may properly be attributed to the government for purposes of Section 1983. Nor does the complaint plausibly allege that Modesto Gospel Mission was the "driving force" behind any constitutional violation committed while one of its employees was "operating as [a] state actor[]." *See Stanley*, 475 F. Supp. 2d at 1038; *White*, 2009 WL 817937 at *3; *see also Taylor*, 880 F.2d at 1045 ("There

7

is no respondeat superior liability under section 1983.").

## III.    CONCLUSION AND ORDER

The Court finds Plaintiff has failed to state a plausible claim for relief against any person subject to suit pursuant to 42 U.S.C. § 1983. Therefore, his complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii). *See Lopez*, 203 F.3d at 1126–27; *Woldmskel v. Keg N Bottle Liquor Store*, No. 15-CV-2469 WQH, 2016 WL 245850, at *3 (S.D. Cal. Jan. 21, 2016) (dismissing section 1983 claims sua sponte against defendants not alleged to have acted under color of state law pursuant to 28 U.S.C. § 1915(e)(2)).

As noted above, the Court will provide Plaintiff with an opportunity to amend his claims and cure, to the extent possible, the identified deficiencies. *Lopez*, 203 F.3d at 1130. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendants did that amounts to state action leading to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (*en banc*). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Rule 220, Local Rules of the United States District Court, Eastern District of California.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff is granted leave to file a first amended complaint;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form; and

3. Within thirty (30) days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order, or a notice of voluntary dismissal.

**If Plaintiff fails to file an amended complaint in compliance with this order, the undersigned**

**will recommend to the assigned district judge that this action be dismissed for failure to state a claim and to obey a court order.**

IT IS SO ORDERED.

Dated:   **May 17, 2023**                                       /s/ *Sheila K. Oberto*
                                                                                UNITED STATES MAGISTRATE JUDGE